[Cite as *State v. Carsey*, 2013-Ohio-4482.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case Nos. 12CA37 |
| | : | 12CA38 |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| Rusty J. Carsey, | : | |
| | : | **RELEASED: 9/25/13** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio State Public Defender, and E. Kelly Mihocik, Assistant State Public Defender, Columbus, Ohio, for appellant.

Keller J. Blackburn, Athens County Prosecutor, and Merry M. Saunders, Athens County Assistant Prosecutor, Athens, Ohio, for appellee.

_____

Harsha, J.

{¶1} Rusty Carsey pleaded guilty to burglary and numerous theft offenses in two cases. In consolidated appeals, he challenges one of the theft convictions and the burglary conviction on the basis that the trial court erred when it failed to merge these convictions. We agree these offenses constitute allied offenses of similar import, and the court committed plain error when it failed to merge them. We reverse the convictions in common pleas court case number 11CR0126 and remand for a new sentencing hearing where the State must elect which of the allied offenses it will pursue against Carsey. This decision renders moot Carsey's ineffective assistance of counsel claim, so we do not address it.

I. Facts

{¶2} In common pleas court case number 11CR0055, the Athens County grand

jury indicted Carsey on three counts of theft.  In common pleas court case number

11CR0126, the Athens County grand jury indicted him on one count of burglary, in

violation of R.C. 2911.12(A)(3), and one count of theft, in violation of R.C.

2913.02(A)(1).  Carsey pleaded guilty to all of the charges.  He executed a "PLEA OF

GUILTY" form that encompassed both cases.  This form states in part:  "No promises

have been made except as part of this plea agreement, stated entirely as follows:  5

years in prison * * *."  The trial court accepted Carsey's guilty pleas and sentenced him

to one year in prison on each of the five counts.  The court ordered him to serve the

sentences consecutively, for an aggregate of five years in prison.  We permitted Carsey

to file delayed appeals in both cases, and we sua sponte consolidated those appeals.

## II.  Assignments of Error

{¶3}    Carsey assigns two error for our review:

1.  The trial court committed plain error when it imposed two convictions and separate, consecutive sentences for the theft and burglary charges in Case No. 11CR0126, as those charges arose from a single course of conduct committed with a single animus, which rendered them allied offenses of similar import that must be merged.  Crim.R. 52(B); R.C. 2941.25(A); *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061; Fifth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution.

2.  Mr. Carsey's trial counsel was ineffective when he did not object to the separate convictions or the imposition of separate, consecutive sentences for theft and burglary, when those charges were allied offenses of similar import.  *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S.Ct. 2052, 80 L.E.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 141-42, 538 N.E.2d 373, 379 (1989); Sixth and Fourteenth Amendments to the United States Constitution; Section 10, Article I of the Ohio Constitution.

## III.  Allied Offenses of Similar Import

{¶4}    In his first assigned error, Carsey contends the trial court committed plain

error when it failed to merge his convictions for burglary and theft in 11CR0126 because those crimes constitute allied offenses of similar import.  R.C. 2941.25 "codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense."  *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23.  R.C. 2941.25 provides:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶5}    "The question of whether offenses should merge under R.C. 2941.25 ordinarily presents a question of law we review de novo."  *State v. Delawder*, 4th Dist. Scioto No. 10CA3344, 2012-Ohio-1923, ¶ 38.  However, Carsey failed to raise the issue of allied offenses at the trial level and has forfeited all but plain error.  *See* Crim.R. 52(B).  "A silent defendant has the burden to satisfy the plain-error rule[,] and a reviewing court may consult the whole record when considering the effect of any error on substantial rights."  *State v. Davis,* 4th Dist. Highland No. 06CA21, 2007-Ohio-3944, ¶ 22, citing *United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002).  For us to find plain error: 1.) there must be an error, i.e., "a deviation from a legal rule"; 2.) the error must be plain, i.e., "an 'obvious' defect in the trial proceedings"; and 3.) the error must have affected "substantial rights," i.e., it must have affected the outcome of the proceedings.  *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240

(2002).

{¶6}   "Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it."  *Barnes* at 27.  The Supreme Court of Ohio has "acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' "  *Id.,* quoting *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. "[T]he Supreme Court of Ohio has previously held that imposition of multiple sentences in violation of R.C. 2941.25 constitutes plain error."  *Delawder* at ¶ 38, citing *Underwood* at ¶ 31.

{¶7}   "Through a series of opinions the Supreme Court of Ohio has advised and re-advised lower courts on the difficult task of applying Ohio's multiple-count statute to determine which criminal convictions require merger."  *Delawder* at ¶ 39.  In the plurality decision of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Court expressly overruled its then current test for merger.  Under the new test, the trial court must first determine "whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other."  (Emphasis sic).  *Johnson* at ¶ 48.  If the offenses are so alike that the same conduct can subject the accused to potential culpability for both, they are "of similar import" and the court must proceed to the second step.  The court must then determine whether the offenses in fact were committed by the same conduct, i.e., a single act performed with a single state of mind.  *Id.* at ¶ 49.  If so, merger is necessary. However, if the offenses were committed separately or were performed with a separate

animus, or if the commission of one offense will never result in the commission of the other, the offenses will not merge. *Id.* at ¶ 51.

{¶8}    Carsey pleaded guilty to theft in violation of R.C. 2913.02(A)(1), which states: "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:  (1) Without the consent of the owner or person authorized to give consent[.]"  He also pleaded guilty to burglary in violation of R.C. 2911.12(A)(3), which provides:  "(A)  No person, by force, stealth, or deception, shall do any of the following: (3) Trespass in an occupied structure * * * with purpose to commit in the structure * * * any criminal offense."  A trespass occurs if a person "without privilege to do so" knowingly enters or remains on the land or premises of another.  R.C. 2911.21(A)(1); *See* R.C. 2911.10.

{¶9}    It is possible to commit theft under R.C. 2913.02(A)(1) and burglary under R.C. 2911.12(A)(3) with the same conduct.  One could commit a theft offense while he, without privilege to do so, knowingly enters or remains in an occupied structure on the land or premises of another by force, stealth, or deception with purpose to commit that theft.  Therefore, Carsey's offenses are "of similar import."  Moreover, as we explain below, it is apparent from the record that Carsey committed the offenses as a single act with a single animus.

{¶10}  In his argument, Carsey largely focuses on the language of the bill of particulars in 11CR0126.  The State does not refute the existence of this document, but it seems neither party filed the document as it was not included in the record on appeal. Therefore, it does not appear the trial court had access to the bill of particulars when it

sentenced Carsey.

{¶11}  Nonetheless, before the trial court accepted Carsey's guilty pleas, the

State provided the court with the following oral statement of facts:

> [T]he facts of the burglary are the Defendant did go into the home of Mr.
> and Mrs. Pierce on February 28, 2011 in violation of O.R.C.
> 2911.12(A)(3), when he knew they weren't home with the purpose to
> commit a theft offense uh, stealing property valued in excess of $500.00
> and that would be the allegation of the theft, that the Defendant was in
> possession of that property.  That's 2913.02(A)(1), a felony five.  The theft
> took place during the funeral of I believe Mr. Pierce, Mr. Pierce's father
> and that's how he knew they weren't home.

Carsey's attorney told the court he had no comments on the statement of facts.  Later

the court stated:  "Based on the statement of facts the Court accepts the two guilty

pleas and finds Mr. Carsey guilty as charged in the two cases."

{¶12}  Based on the agreed statement of facts, it is clear Carsey committed the

offenses as part of a single act and had the same animus for both crimes, i.e., to steal

the Pierces' property.  See State v. James, 5th Dist. Delaware No. 11CAA050045,

2012-Ohio-966, ¶ 40 (finding R.C. 2911.12(A)(2) burglary and  R.C. 2913.02(A)(1) theft

constituted allied offenses of similar import where both charges stemmed from the

defendant's "conduct of entering [a] garage to steal the items therein," and the

defendant "committed both offenses through a single course of conduct and with single

state of mind"); State v. Green, 11th Dist. Lake No. 2011-L-037, 2012-Ohio-2355, ¶ 66

(stating "[w]ithout question" that burglary and grand theft constituted "the same conduct

and/or a single act" where the indictment alleged the defendant burglarized the

occupied structure with purpose to commit the grand theft).  See generally Johnson,

128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, at ¶ 43 (recognizing that "the

purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of

guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence"). *But see State v. Haller*, 2012-Ohio-5233, 982 N.E.2d 111, ¶ 76 (3rd Dist.) (finding burglary and grand theft committed separately because burglary was complete upon defendant's entry into residence and grand theft did not occur until defendant exerted control over guns inside the residence).

**{¶13}** Carsey's theft and burglary constitute allied offenses of similar import. The trial court committed an obvious error when it failed to merge them in spite of the State's statement of facts. That error clearly affected Carsey's substantial rights. Even though he received the aggregate five-year sentence for which he bargained, the court's error impacted the outcome of the proceedings because Carsey received more convictions than are authorized by law. *See Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 31.

**{¶14}** In support of its position the State cites *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, & 98590, 2013-Ohio-1027, 990 N.E.2d 1085 ("*Rogers I*"). In *Rogers I*, the defendant pleaded guilty and was sentenced for multiple charges. On appeal, he argued that several of the charges were allied offenses of similar import, and the trial court should have merged them. Because he did not object at sentencing, the Eighth District reviewed his argument for plain error. At paragraph 9, the *Rogers I* court stated that:

> By their very nature, guilty plea proceedings are necessarily devoid of facts to prove the underlying offenses. If a defendant who pleads guilty wishes to make an allied offenses argument at sentencing, that defendant has the responsibility in the first instance to ensure that the record contains facts to support that argument. If the defendant fails to do so, any argument on appeal is waived.

However, the Eighth District determined a conflict existed between *Rogers I* and previous decisions by the court.  Therefore, the court sua sponte granted en banc consideration to the matter.  After the State filed its brief in this case, the Eighth District released an en banc decision in *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, & 98590, 2013-Ohio-3235 ("*Rogers II*").  In *Rogers II* at ¶ 33, the en banc court rejected the waiver analysis in *Rogers I* and held that "a trial court commits [plain] error where multiple charges facially present a question of merger under R .C. 2941.25 and the trial court fails to conduct an allied offenses of similar import analysis."  The Eighth District certified a conflict between its decision and a Sixth District decision to the Supreme Court of Ohio.

{¶15}  In this case we need not decide whether a trial court commits plain error where multiple charges facially present a question of merger and the court does not conduct a merger analysis.  As we already concluded, here, the record *does* contain facts that plainly show the offenses at issue are allied offenses of similar import.  So, plain error is obvious on the record before us.

{¶16}  Accordingly, we sustain Carsey's first assignment of error, reverse his convictions in 11CR0126, and remand for a new sentencing hearing at which the State must elect which of the allied offenses it will pursue against Carsey.  *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 25.  This decision renders moot Carsey's second assignment of error in which he argues trial counsel rendered ineffective assistance when counsel did not object to the court's failure to merge his convictions in 11CR0126.  Therefore, we do not address that assignment of error.  *See* App.R. 12(A)(1)(c).  And because Carsey did not assign any errors for his convictions in

11CR0055, they stand.

JUDGMENT REVERSED IN PART
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED IN PART and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
        William H. Harsha, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**