[Cite as *State v. Frazier*, 2014-Ohio-3025.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA5 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| STEPHEN E. FRAZIER, | : | |
| | : | **RELEASED: 6/30/2014** |
| | | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Terrence K. Scott, Ohio State
Assistant Public Defender, Columbus, Ohio, for appellant.

Justin Lovett, Jackson County Prosecuting Attorney, and Pat Story, Jackson County
Assistant Prosecuting Attorney, Jackson, Ohio, for appellee.
_____

Harsha, J.

{¶1}    Stephen Frazier set fire to a camper occupied by his mother and step-

father.  Frazier argues his convictions for two counts of aggravated arson are allied

offenses of similar import that he committed with the same animus, so the trial court

should have merged his convictions at sentencing.  The state concedes Frazier is

correct and we agree.  Because it is possible to commit R.C. 2909.02(A)(1) and (A)(2)

with the same conduct, the offenses are of similar import.  And, the record shows

Frazier committed the offenses as part of a single act with the same animus.  Thus, his

convictions for aggravated arson are allied offenses of similar import and the trial court

erred by failing to merge them.

I. FACTS

**{¶2}** This case stems from a fire that damaged the camper where Sandra and Jimmie Russell were temporarily living. On the night in question Frazier went to his mother and step-father's camper and started the fire with their propane tank. The fire spread to the body of the camper while the Russells were still inside, but fortunately, Jimmie Russell was able to put out the fire and no one was injured. The Jackson County Grand Jury returned a two-count indictment against Frazier, charging him with one count of aggravated arson in violation of R.C. 2909.02(A)(1), a first-degree felony, and one count of aggravated arson in violation of R.C. 2909.02(A)(2), a second-degree felony. Frazier pleaded not guilty and following a trial, the jury convicted him of both counts.

**{¶3}** At the sentencing hearing, the trial court found that Frazier's convictions were allied offenses and the state agreed. Nevertheless, in its sentencing entry the court imposed a sentence of eight years incarceration on each count, to be served concurrently. This appeal followed.

## II. ASSIGNMENT OF ERROR

**{¶4}** Frazier raises one assignment of error for our review:

1. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT IMPOSED SEPARATE SENTENCES UPON STEPHEN E. FRAZIER FOR OFFENSES THAT AROSE FROM THE SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES UNDER R.C. 2941.25.

## III. STANDARD OF REVIEW

{¶5}    We review a trial court's determination of whether offenses should merge

pursuant to R.C. 2941.25 de novo.[1]  *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-

5699, 983 N.E.2d 1245, ¶ 12, 28; *State v. Love*, 4th Dist. Hocking No. 13CA16, 2014-

Ohio-1603, ¶ 17.  Accordingly we must independently determine, without deference to

the trial court's conclusion, whether R.C. 2941.25 allows multiple convictions under the

facts in this case.  *Williams* at ¶ 25-26.

## IV. LAW AND ANALYSIS

{¶6}    "R.C. 2941.25 'codifies the protections of the Double Jeopardy Clause of

the Fifth Amendment to the United States Constitution and Section 10, Article I of the

Ohio Constitution, which prohibits multiple punishments for the same offense.'"

*Williams* at ¶ 13, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922

N.E.2d 923, ¶ 23.  "At the heart of R.C. 2941.25 is the judicial doctrine of merger;

merger is 'the penal philosophy that a major crime often includes as inherent therein the

component elements of other crimes and that these component elements, in legal

effect, are merged in the major crime.'" *Williams* at ¶ 13, quoting *State v. Botta*, 27 Ohio

St.2d 196, 201, 271 N.E.2d 776 (1971).

{¶7}    R.C. 2941.25 provides:

(A) Where the same conduct by defendant can be construed to constitute
two or more allied offenses of similar import, the indictment or information
may contain counts for all such offenses, but the defendant may be
convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of
dissimilar import, or where his conduct results in two or more offenses of
the same or similar kind committed separately or with a separate animus

---

[1] In spite of the appellant's framing the issue in terms of plain error, we do not apply that analysis because the trial court indicated at the sentencing hearing the crimes were allied offenses of similar import and mentioned only a single sentence.

as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶8} "To ensure compliance with both R.C. 2941.25 and the Double Jeopardy Clause, 'a trial court is required to merge allied offenses of similar import at sentencing. Thus, when the issue of allied offenses is before the court, the question is not whether a particular sentence is justified, but whether the defendant may be sentenced upon all the offenses.'" *Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, at ¶ 15, quoting *Underwood* at ¶ 27.

{¶9} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court of Ohio established a new two-step test for merger and held that "R.C. 2941.25(A) requires the sentencing court to first determine 'whether it is possible to commit one offense *and* commit the other with the same conduct.'" (Emphasis sic.) *State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 8, quoting *Johnson* at ¶ 48. "If the defendant's conduct constituting commission of one offense constitutes commission of the other, then the offenses are of similar import, and the court must then decide whether the offenses were committed with a single state of mind, i.e., a single animus." *Miranda* at ¶ 8, citing *Johnson* at ¶ 48-49. "If so, the offenses are allied offenses of similar import that must be merged, and the defendant can be punished for only one." *Miranda* at ¶ 8, citing *Johnson* at ¶ 50.

{¶10} "Alternatively, if it is not possible to commit the offenses with the same conduct, or if the offenses were committed separately or with a separate animus, then the court may sentence the defendant for all the offenses at issue." *Miranda* at ¶ 9, citing *Johnson* at ¶ 51.

{¶11}  Here, the state candidly concedes that Frazier's convictions for aggravated arson in violation of R.C. 2909.02(A)(1) and (A)(2) are allied offenses of similar import committed with a single animus that the trial court should have merged at sentencing.  We agree.

{¶12}  R.C. 2909.02(A) provides in relevant part:

No person, by means of fire or explosion, shall knowingly do any of the following:

(1) Create a substantial risk of serious physical harm to any person other than the offender;

(2) Cause physical harm to any occupied structure * * *.

{¶13}  As demonstrated by the facts of this case, R.C. 2909.02(A)(1) and (A)(2) "are clearly offenses that may be committed by the same conduct * * *." *State v. Alcala*, 6th Dist. Sandusky No. S-11-026, 2012-Ohio-4318, ¶ 39.  One could knowingly start a fire that caused physical harm to an occupied structure, while creating a substantial risk of serious harm to the same occupants.  Thus, Frazier's offenses are of similar import. *See id.*  In addition, it is apparent from the Russells' testimony at trial that Frazier committed the offenses with a single animus.

{¶14}  Sandra Russell testified that she saw Frazier "standin' by our little fence for our dogs.  And he said it again, 'Come out and talk to me."  And I picked up the phone and called 911. * * * And while I was on the phone * * * I heard him say, 'I'll burn this house and kill you both (unintelligible).' (Crying) Ten seconds later the end of our camper lit up in orange flames.  He had set fire to the gas tank at the end of the camper."

{¶15}  Jimmie Russell also testified that he "heard [Frazier] hollerin' to come out and talk to him.  So, we started to get up and he said it again.  I looked out and seen

him standin' there, and he got a lighter in his hand lighted. [Sandra] went and called 911, and I was putting my clothes on. Next thing I knowed the whole front of our camper went up in flames." He further testified that after Frazier "said he wanted to talk to us twice, he said 'I'll burn you both up and be done with it, and kill you both.'"

**{¶16}** Based on the record, it is clear Frazier ignited the camper as part of single act with the same animus for both crimes, i.e. to harm its occupants.[2] Consequently, Frazier's convictions for aggravated arson are allied offenses of similar import and the trial court erred by failing to merge them at sentencing. *Alcala*, 6th Dist. Sandusky No. S-11-026, 2012-Ohio-4318, at ¶ 39 (finding defendant's convictions for aggravated arson in violation of R.C. 2909.02(A)(1) and (A)(2) were allied offenses of similar import that should have merged for sentencing where he threw single incendiary device at an occupied home). *Compare with State v. Crawley*, 8th Dist. Cuyahoga No. 99636, 2014-Ohio-921, ¶ 46-48 (finding R.C. 2909.02(A)(1) and (A)(2) were not allied offenses of similar import because defendant committed one offense against a person and one offense against an occupied structure).

**{¶17}** And even though the trial court ordered Frazier to serve his sentences concurrently, "a defendant is prejudiced by having more convictions than are authorized by law." *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 31.

### V. CONCLUSION

**{¶18}** Accordingly, we sustain Frazier's sole assignment of error, reverse his convictions and remand for a new sentencing hearing at which the state must elect which of the allied offenses it will pursue for sentencing. *State v. Whitfield*, 124 Ohio

---

[2] This appeal does not address whether a person who ignites an occupied structure containing two or more people can be convicted and sentenced on counts for each person.

St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 25; *State v. Carsey*, 4th Dist. Athens Nos.

12CA37, 12CA38, 2013-Ohio-4482, ¶ 16.

                                        JUDGMENT REVERSED AND
                                          CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
        William H. Harsha, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**