THE STATE OF OHIO, APPELLEE, *v.* MIRANDA, APPELLANT.

[Cite as *State v. Miranda,* 138 Ohio St.3d 184, 2014-Ohio-451.]

*Criminal law—Sentencing—Allied offenses of similar import—R.C. 2941.25—Racketeer Influenced and Corrupt Organizations Act—R.C. 2923.32(A)(1)—RICO offense does not merge with its predicate offenses for purposes of sentencing.*

(No. 2012-1741—Submitted November 5, 2013—Decided February 12, 2014.)

APPEAL from the Court of Appeals for Franklin County,

No. 11AP-788, 2012-Ohio-3971.

————————————

KENNEDY, J.

{¶ 1} In this discretionary appeal from the Tenth District, we determine whether a trial court can impose separate sentences for engaging in a pattern of criminal activity under R.C. 2923.32(A)(1) ("RICO"[1]) and for the underlying predicate offenses. The appellant, Arnaldo R. Miranda, advances one proposition of law:

> Ohio appellate courts are required to apply the new standard announced in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061[,] when deciding whether the imposition of multiple convictions and sentences for the offense of engaging in a pattern of corrupt activity and one or more of its predicate felonies violates R.C. 2941.25 (the Allied Offenses Statute) and a defendant's rights under the Double Jeopardy

---

1. RICO is the acronym for the Racketeer Influenced and Corrupt Organizations Act, which is a federal law found at 18 U.S.C. 1961 et seq. Because Ohio's corrupt-activity statute, R.C. 2923.32(A)(1), is in general based on the federal statute, we have referred to it as "Ohio's RICO statute." *State v. Schlosser,* 79 Ohio St.3d 329, 330, 681 N.E.2d 911 (1997).

Clauses of [the] Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ 2} Appellee, the state of Ohio, argues that the prohibition against multiple punishments for allied offenses of similar import is not applicable, because the General Assembly, as evidenced in the RICO statute, intended that courts may sentence defendants for both the RICO violation and the predicate offense.

{¶ 3} We hold that *Johnson* is not applicable to a RICO violation and that a RICO offense does not merge with its predicate offenses for purposes of sentencing. We affirm the judgment of the court of appeals.

I. Facts and Procedural History

{¶ 4} The state's investigation revealed that Arnaldo Miranda was involved in a marijuana-trafficking ring. Consequently, the state charged Miranda with one RICO violation under R.C. 2923.32(A)(1) and six predicate offenses (three counts of trafficking in marijuana and three counts of possessing marijuana). Miranda pleaded guilty to the RICO count and one count of trafficking in marijuana under R.C. 2925.03. The state dismissed the remaining counts. In addition to other sanctions, the trial court imposed a six-year prison term for the RICO offense and an eight-year prison term for the trafficking offense, to be served consecutively, for an aggregate prison term of 14 years. Miranda did not object to the sentence at the sentencing hearing.

{¶ 5} Miranda appealed, asserting that the trial court's imposition of consecutive prison sentences for the RICO offense and the predicate offense of trafficking in drugs violated the Double Jeopardy Clauses of the United States and Ohio Constitutions. He contends that the offenses were allied offenses of similar import and should have been merged for purposes of sentencing under R.C.

2941.25(A), which protects defendants from multiple punishments for a single criminal act. The court of appeals held that double jeopardy was not implicated, because the General Assembly intended that a defendant convicted of a RICO violation could be sentenced for both the RICO offense and its predicate offenses. Therefore, the court of appeals affirmed Miranda's separate sentences.

## II. Analysis

### A. Double Jeopardy, Multiple Sentences, and RICO

{¶ 6} "The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides: '[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb.'" *Monge v. California,* 524 U.S. 721, 727, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998). The Double Jeopardy Clause of the Ohio Constitution, Article I, Section 10, provides the same protection. *State v. Martello,* 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 7. Both clauses protect a defendant against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In this case, Miranda claims that he was punished twice for the same offense when the trial court sentenced him for both the RICO violation and for the predicate offense of trafficking in drugs. However, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Therefore, we must determine "whether the General Assembly intended to permit multiple punishments for the offenses at issue." *State v. Childs,* 88 Ohio St.3d 558, 561, 728 N.E.2d 379 (2000).

{¶ 7} "[T]he primary legislative statement on the multiplicity issue is found in R.C. 2941.25, concerning allied offenses of similar import." *Id.* That

statute provides, "Where the same conduct can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

**{¶ 8}** In *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, we held that R.C. 2941.25(A) requires the sentencing court to first determine "whether it is possible to commit one offense *and* commit the other with the same conduct." (Emphasis sic.) *Id.* at ¶ 48. If the defendant's conduct constituting commission of one offense constitutes commission of the other, then the offenses are of similar import, and the court must then decide whether the offenses were committed with a single state of mind, i.e., a single animus. *Id.* at ¶ 48-49. If so, the offenses are allied offenses of similar import that must be merged, and the defendant can be punished for only one. *Id.* at ¶ 50.

**{¶ 9}** Alternatively, if it is not possible to commit the offenses with the same conduct, or if the offenses were committed separately or with a separate animus, then the court may sentence the defendant for all the offenses at issue. *Id.* at ¶ 51.

**{¶ 10}** "R.C. 2941.25, however, is not the sole legislative declaration in Ohio on the multiplicity of indictments." *Childs* at 561. "While our two-tiered test for determining whether offenses constitute allied offenses of similar import is helpful in construing legislative intent, it is not necessary to resort to that test when the legislature's intent is clear from the language of the statute." *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37. R.C. 2941.25 generally provides the appropriate test to determine whether the court may impose multiple punishments for offenses arising from the same conduct. However, in this case, we find that the RICO statute evinces the General Assembly's intent that a court may sentence a defendant for both the RICO offense and its predicate offenses.

**{¶ 11}** We begin our analysis by examining Ohio's RICO statute, R.C. 2923.32(A)(1). "The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature." *State ex rel. Cordray v. Midway Motor Sales, Inc.,* 122 Ohio St.3d 234, 2009-Ohio-2610, 910 N.E.2d 432, ¶ 15. "A court must look to the language and purpose of the statute in order to determine legislative intent." *State v. Cook,* 83 Ohio St.3d 404, 416, 700 N.E.2d 570 (1998). "[W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." *State v. Kreischer,* 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus.

**{¶ 12}** R.C. 2923.32(A)(1), Ohio's RICO statute, provides: "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt." "Enterprise" is defined as including "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity." R.C. 2923.31(C). "Corrupt activity" is defined as any of the criminal offenses listed in R.C. 2923.31(I). And finally, a "pattern of corrupt activity" means "two or more incidents of corrupt activity * * * that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(E).

**{¶ 13}** A RICO offense is dependent upon a defendant committing two or more predicate offenses listed in R.C. 2923.31(I). However, a RICO offense also requires a defendant to be "employed by, or associated with" an "enterprise" and to "conduct or participate in" an "enterprise through a pattern of corrupt activity." R.C. 2923.32(A)(1). "Such pattern must include both a relationship and

continuous activity, as well as proof of the existence of an enterprise. Thus, the conduct required to commit a RICO violation is independent of the conduct required to commit [the underlying predicate offenses]." (Emphasis added.) *State v. Dudas,* 11th Dist. Lake Nos. 2008-L-109 and 2008-L-110, 2009-Ohio-1001, ¶ 46. *See also State v. Moulton,* 8th Dist. Cuyahoga No. 93726, 2010-Ohio-4484, ¶ 36; *State v. Caudill,* 3d Dist. Hancock No. 05-97-35, 1998 WL 833729, *9 (Dec. 2, 1998). The intent of RICO is " 'to criminalize the pattern of criminal activity, not the underlying predicate acts.' " *State v. Thomas*, 3d Dist. Allen Nos. 1-11-25 and 1-11-26, 2012-Ohio-5577, ¶ 61, quoting *State v. Dodson,* 12th Dist. Butler No. 2009-07-1147, 2011-Ohio-6222, ¶ 68. *See also Dudas* at ¶ 47.

{¶ 14} Moreover, one of the purposes of the RICO statute is to provide " 'enhanced sanctions * * * to deal with the unlawful activities of those engaged in organized crime.' " (Emphasis added.) *State v. Schlosser,* 79 Ohio St.3d 329, 332, 681 N.E.2d 911 (1997), quoting the Organized Crime Control Act of 1970, Statement of Findings and Purpose, 84 Stat. 922, reprinted in 1970 U.S.Code Cong. & Adm.News at 1073. "The RICO statute was designed to impose cumulative liability for the criminal enterprise." *Id.* at 335. In *State v. Thomas,* 2012-Ohio-5577, ¶ 61, the court stated that "[i]f the purpose of [RICO] is to provide enhanced sanctions, this purpose is furthered by not merging [the predicate offenses with the RICO offense]." *See also Dudas,* 2009-Ohio-1001, ¶ 47; *Moulton,* 2010-Ohio-4484, ¶ 37.

{¶ 15} Construing the similarly worded federal RICO statute, 18 U.S.C. 1962(c), federal circuit courts have similarly concluded that the purpose of RICO in providing enhanced sanctions indicates an intent to permit cumulative punishments for the RICO offense and its underlying predicate offenses. *See United States v. Sutton,* 700 F.2d 1078, 1081 (6th Cir.1983); *United States v. Greenleaf,* 692 F.2d 182, 189 (1st Cir.1982); *United States v. Boylan*, 620 F.2d 359, 361 (2d Cir.1980); *United States v. Grayson,* 795 F.2d 278, 282-284 (3d

Cir.1986); *United States v. Truglio,* 731 F.2d 1123, 1128-1130 (4th Cir.1984), *overruled on other grounds, United States v. Burgos,* 94 F.3d 849 (4th Cir.1996); *United States v. Phillips,* 664 F.2d 971, 1015 (5th Cir.1981); *United States v. Morgano,* 39 F.3d 1358, 1367 (7th Cir.1994); *United States v. Kragness,* 830 F.2d 842, 864 (8th Cir.1987); *United States v. Beale,* 921 F.2d 1412, 1437 (11th Cir.1991).

### B.  2006 Sub.H.B. No. 241

**{¶ 16}** Despite this wealth of authority indicating otherwise, Miranda claims that the RICO statute no longer permits cumulative punishments because of a 2006 amendment.

**{¶ 17}** In 2006, Sub.H.B. No. 241 ("H.B. 241") amended the former RICO statute by removing division (D).  151 Ohio Laws, Part V, 9092, 9133.  That division stated:

> Criminal penalties under this section are not mutually exclusive, unless otherwise provided, and do not preclude the application of any other criminal or civil remedy under this or any other section of the Revised Code.  A disposition of criminal forfeiture ordered pursuant to division (B)(3) of this section in relation to a child who was adjudicated delinquent by reason of a violation of this section does not preclude the application of any other order of disposition under Chapter  2152. of the Revised Code or any other civil remedy under this or any other section of the Revised Code.

148 Ohio Laws, Part IV, 9447, 9646.

**{¶ 18}** Miranda argues that by removing the language "[c]riminal penalties under this section are not mutually exclusive, unless otherwise

provided," the General Assembly expressed an intent that courts could merge RICO offenses and their predicate offenses for purposes of sentencing. A thorough examination of H.B. 241 reveals otherwise.

{¶ 19} H.B. 241 created R.C. Chapter 2981, which addresses civil and criminal forfeitures. 151 Ohio Laws, Part V, 9092, 9217-9243. Much of the remainder of H.B. 241 repealed former forfeiture provisions in various sections of the Revised Code, removed references to those provisions, and replaced them with language from the new provisions. H.B. 241 also repealed R.C. 2923.32(B)(4)(a) through (G), all of which dealt with forfeiture. We will not presume that in the midst of this broad repeal, the single sentence stressed by Miranda was deleted for a different reason, and we certainly will not presume that the deletion was intended to overturn the universal reading of R.C. 2923.32(A)(1) as permitting cumulative punishment. The purpose of the RICO statute—to provide enhanced sanctions for patterns of corrupt activity—remains the same. That purpose has always been found in division (A)(1) of the statute, which specifies that it is the *pattern* that constitutes the offense. Thus, a violation of R.C. 2923.32(A)(1) may be punished separately from the underlying offenses. Accordingly, we hold that the repeal of former division (D) of R.C. 2923.32 does not affect the availability of cumulative punishments for violations of RICO and its predicate offenses.

III. Conclusion

{¶ 20} We hold that *Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, is not applicable to a RICO violation, and a RICO offense does not merge with its predicate offenses for purposes of sentencing. In this case, the trial court sentenced Miranda for both RICO and the predicate offense of trafficking in marijuana. Therefore, the trial court did not err in sentencing Miranda. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

PFEIFER, O'DONNELL, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and LANZINGER and PIPER, JJ., concur in judgment.

ROBIN N. PIPER III, J., of the Twelfth Appellate District, sitting for FRENCH, J.

_____

**LANZINGER, J., concurring in judgment.**

{¶ 21} I would hold simply that because a RICO offense and its underlying predicate offenses are offenses of dissimilar import, they do not merge. R.C. 2941.25(B) states:

> Where the defendant's conduct constitutes two or more offenses *of dissimilar import*, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

(Emphasis added.)

{¶ 22} In reviewing whether multiple crimes constitute allied offenses that merge, heretofore we have mainly discussed the concept of offenses of the same or similar import that result in offenses committed separately or with a separate animus. We have not often discussed situations in which offenses are of dissimilar import. Yet if the defendant's conduct does not constitute two or more offenses of similar import (i.e., of similar nature or character), a defendant may be convicted and sentenced consecutively or concurrently for each conviction.

{¶ 23} It is helpful in the merger analysis to remember that R.C. 2941.25(B) distinguishes between offenses that are dissimilar in import from offenses similar in import but committed separately or with a separate animus. If

the conduct of the offender has led to charges of dissimilar import, the offenses do not merge, and there is no need to consider the animus with which they were committed or whether they were committed separately.

{¶ 24} Miranda's case provides a prime example of offenses of dissimilar import. He was charged with trafficking in marijuana and possession of marijuana, felonies involving the sale and possession of a specific drug. He was also charged with a RICO violation, specifically, with "engag[ing] in violations of law, to wit: [R.C.] 2925.11 and 2925.03" while "associat[ing] with an enterprise" and "conduct[ing] or participat[ing] in * * * the affairs of the enterprise." As the majority explains, RICO is a felony offense that was designed to punish participation in an enterprise that engages in a pattern of corrupt activity. R.C. 2923.32(A)(1). The predicate offense of trafficking in marijuana provides one of the elements needed for a RICO conviction. Miranda's marijuana offense differs from the RICO offense, and the convictions are not the same in their nature or character. The predicate offense here involves the sale of drugs while, as the majority explains, RICO was promulgated to " 'deal with the unlawful activities of those engaged in organized crime.' " *State v. Schlosser*, 79 Ohio St.3d 329, 332, 681 N.E.2d 911 (1997), quoting the Organized Crime Control Act of 1970, Statement of Findings and Purpose, 84 Stat. 922, reprinted in 1970 U.S.Code Cong. & Adm.News at 1073.

{¶ 25} Miranda argues that his sentences for the same conduct in these offenses violate the rule expressed in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. While it is true that the syllabus in *Johnson* says that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered," this language does not offer the complete analysis necessary to determine whether offenses are subject to merger rather than multiple convictions and cumulative punishment. Consideration of the defendant's conduct is but the

first step in determining whether multiple offenses are allied offenses of similar import pursuant to R.C. 2941.25(B). As a justice in *Johnson* succinctly stated about allied offenses of similar import: "In practice, allied offenses of similar import are simply multiple offenses that arise out of the same criminal conduct and are *similar but not identical in the significance of the criminal wrongs committed and the resulting harm.*" (Emphasis added.) *Id.* at ¶ 64 (O'Connor, J., concurring in judgment). In other words, offenses are dissimilar if they are not alike in their significance and their resulting harm.

**{¶ 26}** In enacting the RICO statute, the General Assembly has shown its intention to create a new offense that will punish more severely certain specified conduct in which individuals participate in a pattern of corrupt activity within a criminal enterprise. As a result, RICO is dissimilar from any underlying offenses upon which a defendant is convicted, for the offenses do not involve similar criminal wrongs and similar resulting harm.

**{¶ 27}** For these reasons, I concur in judgment, emphasizing that RICO and its underlying predicate offenses are of dissimilar import and will therefore never merge.

O'CONNOR, C.J., and PIPER, J., concur in the foregoing opinion.

———————————

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

David P. Rieser and David J. Graeff, for appellant.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, urging affirmance for amicus curiae, Cuyahoga County Prosecutor's Office.

———————————