Kennedy, J.,
concurring in part and dissenting in part.
{¶ 27} Respectfully, I dissent from the lead opinion’s conclusion that R.C. 2923.31(I)(2)(c) is ambiguous and would affirm the judgment of the court of appeals regarding the common issue raised by Zachary Bondurant’s sole proposition of law and Jeffrey Stevens’s first proposition of law.
{¶ 28} While the lead opinion does not address Stevens’s second proposition of law regarding R.C. 2923.32(B)(1) (penalties for violations of Ohio’s Racketeer-Influenced and Corrupt Organizations (“RICO”) act), I would further hold that Stevens’s first-degree-felony conviction for a RICO violation should be reversed, and I would remand to the trial court for issuance of the appropriate entry. The jury did not find that Stevens had committed a predicate act that is a first-, second-, or third-degree felony. Therefore, although I view his RICO conviction as valid, his conviction under RICO of a first-degree felony was unlawful, and only a second-degree-felony conviction is authorized under R.C. 2923.32(B). I accordingly concur with the majority result to the extent that a majority concludes that Stevens’s first-degree-felony conviction for a RICO violation is not sustainable.
{¶ 29} This court accepted a total of three propositions of law from the appellants, and each requires a specific answer. Jeffrey Stevens advances the following two propositions of law:
1. R.C. § 2923.31(I)(2)(e) requires a threshold amount of $500.00 value of contraband sold. Where the statute is ambiguous as to whether the aggregation of the combined value of contraband sold is an aggregation of the individual’s illicit activities or an aggregation of the enterprise’s illicit activities, the trial and appellate courts erred in adopting an interpretation against the accused and his liberty interest by aggregating the enterprise as a whole rather than the individual.
2. The defendant was convicted of Engaging in a Pattern of Corrupt Activity under R.C. § 2923.32(A)(1) and his predicate acts were all fifth degree felonies. The statute is ambiguous as to whether the predicate *255 acts are the individual’s acts or any other actor in the enterprise. The statute should be interpreted as to the individual, not the enterprise and thus where a jury makes no finding of a felony predicate act of the first, second, or third degree, the defendant should be sentenced as a second degree felony rather than a first degree felony under [R.C.] 2923.32(B).
{¶ 30} Zachary Bondurant advances one proposition of law:
A defendant may only be convicted of engaging in a pattern of “corrupt activity” as defined in R.C. 2923.31(I)(2)(c) if the value of the contraband for that defendant’s activities is equal to or exceeds the threshold amount set forth in the statute.
{¶ 31} While presented differently, Bondurant’s sole proposition of law and Stevens’s first proposition of law pertain to the same inquiry: whether through applying the rule of lenity or applying the statute’s plain meaning, R.C. 2923.31(I)(2)(c) prohibits convicting them for a RICO violation because neither personally engaged in activities yielding proceeds that exceeded the former threshold amount of $500 set forth in that statute. The state asserts, and the lower courts held, that under R.C. 2923.31(I)(2)(c), the threshold amount applies to the enterprise and not to an individual involved in the enterprise.
Background
{¶ 32} At the joint trial of Stevens and Bondurant, the testimony of fellow participants in the corrupt enterprise established that those other participants had been convicted of second- and third-degree-felony drug offenses for their roles in the enterprise. A jury found Stevens and Bondurant guilty of dozens of violations for possessing and trafficking in drugs. After merging the possession and trafficking counts, the trial court sentenced Stevens on five counts of fifth-degree trafficking in drugs. After merging counts, the court sentenced Bondurant on three counts of fourth-degree-felony acts of trafficking in drugs in a school zone. The trafficking convictions were all pursuant to R.C. 2925.03. In addition to the drug convictions, the court sentenced both Bondurant and Stevens on one first-degree-felony RICO count.
R.C. 2923.31(I)(2)(c) Is Not Ambiguous
{¶ 33} Regarding Bondurant’s sole proposition of law and the first proposition of law of Stevens, I would hold that because the RICO statutory scheme targets the corrupt enterprise and not the individuals involved in it, the aggregated proceeds of $35,000 from the group’s corrupt activity are attributable to appel *256 lants and exceed the former threshold of R.C. 2923.31(I)(2)(c). That statute does not declare that each individual defendant must participate in activities involving proceeds of more than $500.
{¶ 34} We begin with R.C. 2923.32(A)(1): “No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * (Emphasis added.) The statute is sweeping. We next turn to the definitions.
{¶ 35} R.C. 2923.31(C) defines “enterprise” as “any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity.” (Emphasis added.)
{¶ 36} Next is the definition of “pattern of corrupt activity.” R.C. 2923.31(E) defines this term as “two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.” (Emphasis added.) R.C. 2923.31(E) later provides: “For the purposes of the criminal penalties that may be imposed pursuant to section 2928.82 of the Revised Code, at least one of the incidents forming the pattern shall constitute a felony under the laws of this state * * *.” (Emphasis added.)
{¶ 37} Finally comes the language central to this case. R.C. 2923.31(1) defines “corrupt activity” as “engaging in, attempting to engage in, conspiring to engage in, or soliciting, coercing, or intimidating another person to engage in” a wide range of certain later-enumerated predicate offenses. For purposes here, it is sufficient to recognize that trafficking in drugs pursuant to R.C. 2925.03 is one of those enumerated predicate offenses. R.C. 2923.31(I)(2)(c) formerly provided, as applicable to this case:
Any violation of section * * * 2925.03 * * * of the Revised Code, [or] any violation of section 2925.11 of the Revised Code that is a felony of the first, second, third, or fourth degree and that occurs on or after July 1, 1996, * * * when the proceeds of the violation, the payments made in the violation, the amount of a claim for payment or for any other benefit that is false or deceptive and that is involved in the violation, or the value of the contraband or other property illegally possessed, sold, or purchased in the violation exceeds five hundred dollars, or any combination of violations described in division (I)(2)(c) of this section when the total proceeds of the combination of violations, payments made in the combination of violations, amount of the claims for payment or for other benefits that is false or deceptive and that is involved in the combination of violations, or value *257 of the contraband or other property illegally possessed, sold, or purchased in the combination of violations exceeds five hundred dollars.
(Emphasis added.)
{¶ 38} The interpretation that the lead opinion gives R.C. 2923.31(1)(2)(c) — that the General Assembly’s use of “total” and “combination” applies to each individual and not the enterprise — frustrates the purpose of that statute, which is to target the collective profits of group crime. In this case, that total exceeded $35,000, well over the $500 threshold for RICO liability of former R.C. 2923.31(I)(2)(c). In context, R.C. 2923.31(1)(2)(c) is not ambiguous.
{¶ 39} The rule of lenity does not require reversal. “Since context gives meaning,” we cannot say that the statute is ambiguous until we consider the language as it is used in the statute rather than in isolation. United States v. Santos, 553 U.S. 507, 512, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008). The lead opinion here is “quick to pronounce the [language] hopelessly ambiguous” and ignores that in doing so, it frustrates the General Assembly’s “intent and maim[s] a statute that was enacted as an important defense against organized criminal enterprises.” Id. at 531 (Alito, J., dissenting). We must remember that the rule of lenity applies “at the end of the process * * *, not at the beginning as an overriding consideration of being lenient to wrongdoers.” Callanan v. United States, 364 U.S. 587, 596, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961).
{¶ 40} We have already applied the RICO statute based on its context and purpose, ruling unanimously that violating RICO is a strict-liability offense. State v. Schlosser, 79 Ohio St.3d 329, 681 N.E.2d 911 (1997), syllabus. We based our holding on “the plain language of the statute, the legislative intent and public policy considerations behind the statute, and the varying culpable mental states necessary for the predicate offenses.” Id. at 331-332. We observed that the “RICO statute was designed to impose cumulative liability for the criminal enterprise.” Id. at 335. The focus of the statute remains on the enterprise itself, not the individuals associated with it. State v. Miranda, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 14.
{¶ 41} The part of former R.C. 2923.31(I)(2)(c) at issue defines corrupt activity as including
any combination of violations described in division (I)(2)(c) of this section when the total proceeds of the combination of violations, payments made in the combination of violations, amount of the claims for payment or for other benefits that is false or deceptive and that is involved in the combination of violations, or value of the contraband or other property *258 illegally possessed, sold, or purchased in the combination of violations exceeds five hundred dollars.
(Emphasis added.) With this statute, the General Assembly straightforwardly “impose[d] cumulative liability for the criminal enterprise,” Schlosser at 335, when “total proceeds of the combination of violations” produced more than $500.
{¶ 42} “Total” means “viewed as an entity.” Webster’s Third New International Dictionary 2414 (1986). The proceeds that are attributable to these defendants in the enterprise comprise a portion of the proceeds of the combination of violations, not the total. Total proceeds were more than $35,000. Therefore, the statute does not require each defendant to have derived more than $500 in proceeds from the corrupt activity. It requires merely that the combined efforts of the criminal enterprise yielded more than $500 in proceeds. Former R.C. 2923.31(I)(2)(c) is not ambiguous, and the trial court properly found sufficient evidence to enter judgments of conviction under RICO for each defendant.
{¶ 43} Because the statute is not ambiguous, R.C. 2901.04(A), the rule of lenity, does not apply. “Statutory interpretation involves an examination of the words used by the legislature in a statute, and when the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written.” (Emphasis added.) State v. Kreischer, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, syllabus. Even the lead opinion does not dispute the legislature’s intent in enacting the RICO statute. Therefore, the court of appeals’ decision affirming that the defendants were properly convicted under RICO should be upheld.
{¶ 44} Even if ambiguity could be divined within former R.C. 2923.31(I)(2)(c), we should not necessarily default to the interpretation proposed by the defendants. “[W]e must be mindful that, although criminal statutes are strictly construed against the state, R.C. 2901.04(A), they should not be given an artificially narrow interpretation that would defeat the apparent legislative intent.” State v. White, 132 Ohio St.3d 344, 2012-Ohio-2583, 972 N.E.2d 534, ¶ 20, citing In re Clemons, 168 Ohio St. 83, 87-88, 151 N.E.2d 553 (1958). The defendants’ position is not warranted by the language of R.C. 2923.31(I)(2)(c) and defeats the purpose of the RICO statute. I would therefore affirm the appellate court’s conclusion that Bondurant and Stevens met the statutory requirements to be convicted of RICO violations.
Stevens’s First-Degree-Felony Conviction Under R.C. 2923.32(B)(1)
{¶ 45} Although Stevens was properly convicted of a RICO violation, his second proposition of law compels a holding in his favor. I would reverse *259 Stevens’s first-degree-felony conviction, as R.C. 2923.32(B)(1) permits only a second-degree-felony conviction in this case.
{¶ 46} R.C. 2923.32(B)(1) states:
Whoever violates this section is guilty of engaging in a pattern of corrupt activity. Except as otherwise provided in this division, engaging in corrupt activity is a felony of the second degree. Except as otherwise provided in this division, if at least one of the incidents of corrupt activity is a felony of the first, second, or third degree, * * * engaging in a pattern of corrupt activity is a felony of the first degree.
(Emphasis added.)
{¶ 47} The state asserts that the statute is worded so that an accused may be convicted of a first-degree felony so long as “one of the incidents of corrupt activity” committed by anyone in the enterprise is “a felony of the first, second, or third degree.” For support, the state cites R.C. 2923.03(F) (a subsection of the complicity statute), which allows a person who violates “this section” to be “prosecuted and punished as if he were a principal offender.”
{¶ 48} The state’s position concerning the complicity statute is unpersuasive. Stevens was not convicted under R.C. 2923.03(F), and R.C. 2923.32(B)(1) has no comparable provision. R.C. 2923.32(B)(1) looks only to the particular defendant’s “incidents of corrupt activity,” not to independent incidents of corrupt activity committed by someone who is merely in the same enterprise. Any other reading of R.C. 2923.32(B)(1) is unwarranted.
{¶ 49} R.C. 2923.32(B)(1) sets forth specific felony enhancements when felons have violated predicate offenses under the RICO statute. It specifically elevates fourth- and fifth-degree-felony predicate offenses to second-degree-felony status. Attributing first-degree-felony status to fifth-degree predicate felonies (as Stevens was convicted of here) based on the actions of higher-level felons in the enterprise ignores the General Assembly’s explicit declaration that unless excepted, “engaging in corrupt activity is a felony of the second degree.” R.C. 2923.32(B)(1). Pursuant to the express and unambiguous language of the statute, because none of Stevens’s predicate offenses constituted a first-, second-, or third-degree felony, he cannot be convicted of a first-degree felony.
{¶ 50} Therefore, I concur in the majority result to the extent that a majority reverses Stevens’s conviction for a first-degree-felony RICO violation, but I would remand the case to the trial court for entry of judgment of conviction on a second-degree felony for that violation.
O’Donnell, J., concurs in the foregoing opinion.