[Cite as *State v. Jacobs*, 2015-Ohio-4559.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | Case No. 15CA5 |
| TERRY JACOBS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Knox County Court of
Common Pleas, Case No. 14CR04-0071


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     October 29, 2015


APPEARANCES:


For Plaintiff-Appellee     For Defendant-Appellant


CHARLES T. MCCONVILLE     W. JEFFREY MOORE
Knox County Prosecutor     Moore & Yaklevich
117 East High Street, Suite 234     100 E. Main Street
Mount Vernon, Ohio 43050     Columbus, Ohio 43215

*Hoffman, J.*

{¶1} Defendant-appellant Terry Jacobs appeals his conviction and sentence entered by the Knox County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On April 21, 2014, Appellant was indicted on one count of engaging in a pattern of corrupt activity, one count of aggravated funding of drug trafficking, and thirty-five counts of trafficking in drugs. The indictment stemmed from allegations Appellant acted in concert with other individuals in a scheme to travel to and from Florida and other states during a period of time spanning from January 1, 2011 to February 7, 2014, to obtain prescription medications and to use and/or sell those medications in Ohio.

{¶3} On January 6, 2015, Appellant entered a plea of guilty to one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1), a felony of the first degree; and one count of aggravated funding of drug trafficking, in violation of R.C. 2925.05(A)(1), a felony of the first degree. Appellant also entered a plea of guilty to a forfeiture specification to Count One, in the amount of $833.00 in U.S. currency, as set forth in R.C. 2981.02.The state of Ohio then dismissed the remaining counts.

{¶4} On February 13, 2015, the trial court sentenced Appellant on Count One, Engaging in a Pattern of Corrupt Activity, to a definite prison term of ten years in prison; and on Count Two, Aggravated Funding of Drug Trafficking, to a mandatory seven year prison term, to be served concurrently with the sentence imposed on Count One. The trial court also imposed a five year term of post-release control.

{¶5} Appellant appeals, assigning as error:

{¶6} "I. THE TRIAL COURT ERRED IN SENTENCING MR. JACOBS TO 10 YEARS ON THE CHARGE OF ENGAGING IN A PATTERN OF CORRUPT ACTIVITY.

{¶7} "II. THE TRIAL COURT ERRED IN SENTENCING MR. JACOBS TO 10 YEARS ON COUNT 1 AND 7 YEARS ON COUNT 2.

{¶8} "III. THE TRIAL COURT ERRED IN NOT MERGING FOR SENTENCING THE TWO CHARGES MR. JACOBS WAS CONVICTED OF."

I.

{¶9} In the first assignment of error, Appellant maintains the trial court erred in sentencing Appellant pursuant to House Bill 86 revisions to sentencing.

{¶10} At no time during the plea hearing did Appellant request the trial court sentence him under pre-House Bill 86 sentencing statutes, nor did he file any motions to that effect. Therefore, this Court reviews the argument only for plain error. *State v. Long* (1978), 53 Ohio St.2d 91; Crim. R. 52(B).

{¶11} House Bill 86 became effective on September 30, 2011. The General Assembly made the prospective operation clear in Section 4 of the Act, which states: "The amendments to...division (A) of section 2929.14 of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections *on or after the effective date of this section*." (Emphasis added.)

{¶12} The section does not provide the act applies to those who commit their offenses *during the effective date of the section*. Therefore, although Appellant's course of criminal conduct began prior to the effective date of H.B. 86, his conduct did occur on, during and after the effective date; therefore, the trial court did not err in sentencing

Appellant according to the provisions of H.B. 86. We reject Appellant's argument he is entitled to elect under which provision he is to be sentenced.

**{¶13}** The first assignment of error is overruled.

II.

**{¶14}** In the second assigned error, Appellant maintains his sentence is contrary to law.

**{¶15}** Appellant is a first-time felony offender and argues his sentence is contrary to law because it does not comply with the overriding purposes of felony sentencing, to wit, "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). Appellant asserts he should have received the minimum sentence of six years.

**{¶16}** In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the first step is satisfied, the second step requires the trial court's decision be reviewed under an abuse-of-discretion standard. *Id.* We have recognized that "[w]here the record lacks sufficient data to justify the sentence, the court may well abuse its discretion by imposing that sentence without a suitable explanation." *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶ 52.

{¶17} R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of a sentence: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings * * *."

{¶18} The Supreme Court held, in *Kalish,* the trial court's sentencing decision was not contrary to law. "The trial court expressly stated it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18. The Court further held the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20

{¶19} In the instant case, the trial court found a prison term was consistent with the purposes and principles of sentencing under R.C. 2929.11. The trial court found Count Two, aggravated funding of drug trafficking, carried a mandatory prison sentence.

{¶20} R.C. 2925.05(C)(1) provides:

(C)(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, whoever violates division (A) of this section is guilty of aggravated funding of drug trafficking, a felony of the first degree, and, subject to division (E) of this section, the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree.

**{¶21}** Appellant entered a plea of guilty to trafficking of Schedule I or II drugs.

**{¶22}** Section 2929.13(A) states,

(A) Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.

**{¶23}** On Count One, the trial court sentenced Appellant within the applicable statutory ranges for a first degree felony. Appellant was sentenced to ten years, within the statutory range of three to eleven years prescribed by R.C. 2929.14(A)(1). On Count Two, Appellant was sentenced to a seven year mandatory term of imprisonment pursuant to R.C. 2929.14(A)(1).

**{¶24}** Accordingly, we find Appellant's sentence herein is not contrary to law. Further, we find the trial court did not abuse its discretion in sentencing Appellant.

**{¶25}** The second assignment of error is overruled.

III.

**{¶26}** In the third assignment of error, Appellant asserts the trial court erred in failing to merge his convictions for engaging in a pattern of corrupt activity and aggravated funding of drug trafficking. We disagree.

**{¶27}** R.C. 2923.32(A)(1), Engaging in a Pattern of Corrupt Activity, is Ohio's equivalent of the federal RICO statute. In *State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, the Ohio Supreme Court held,

"R.C. 2941.25, however, is not the sole legislative declaration in Ohio on the multiplicity of indictments." *Childs* at 561, 728 N.E.2d 379. "While our two-tiered test for determining whether offenses constitute allied offenses of similar import is helpful in construing legislative intent, it is not necessary to resort to that test when the legislature's intent is clear from the language of the statute." *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 37. R.C. 2941.25 generally provides the appropriate test to determine whether the court may impose multiple punishments for offenses arising from the same conduct. However, in this case, we find that the RICO statute evinces the General Assembly's intent that a court may sentence a defendant for both the RICO offense and its predicate offenses.

*** 

We hold that *Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, is not applicable to a RICO violation, and a RICO offense does not merge with its predicate offenses for purposes of sentencing. In this case, the trial court sentenced Miranda for both RICO and the predicate offense of trafficking in marijuana.

**{¶28}** Based upon the Ohio Supreme Court's holding in *Miranda*, Appellant's third assigned error is overruled.

{¶29} Appellant's conviction and sentence in the Knox Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Farmer, J. concur