[Cite as *State v. Jewell*, 2021-Ohio-1108.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200046 |
| | | TRIAL NO. B-1900498 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| JAMAL JEWELL, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 2, 2021


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ron Springman*, Assistant Prosecuting Attorney, for Appellee,

*Timothy McKenna,* for Appellant.

**BOCK, Judge.**

{¶1}    Appellant-defendant Jamal Jewell appeals his 13-year aggregate sentence imposed by the trial court, asserting that his offenses were allied offenses of similar import. For the following reasons, we affirm.

## I.    Relevant Facts & Procedural History

### A.  The Indictment

{¶2}    In February 2019, Jewell was indicted on 15 counts, including robbing two United Dairy Farmers ("UDF") stores, having a weapon while under a disability, and carrying a concealed weapon.

{¶3}    Relevant for the purposes of this appeal were counts four and seven, along with their specifications. In count four, the state alleged that on or about January 23, 2019, Jewell entered the UDF located at 1560 Chase Avenue, Cincinnati, Ohio and "approached the counter and pointed a firearm at the clerk and demanded U.S. currency" and took approximately $150. In count seven, the state alleged that Jewell, on or about January 24, 2019, entered the UDF located at 4899 Cleves Warsaw, Cincinnati, Ohio and "brandished a firearm toward victims, Anastasia Moore and Jessica Moore *** put a firearm to Jessica's head * * * threatened to shoot Jessica * * * if Anastasia did not give him U.S. currency." Jewell fled from the store with approximately $120.

{¶4}    Count 14 was a separate offense that is not at issue in this appeal.

### B.  The Plea Agreement and Hearing

{¶5}    Counts four and seven were amended from aggravated robbery to robbery. Jewell confirmed that he had received the indictment, understood the charges against him, and was entering his guilty pleas of his own free will. The court

confirmed that Jewell understood the range of the prison terms to which he could be sentenced. Jewell then pled guilty to the charges.

{¶6} The state and Jewell, through counsel, jointly recommended a 13-year sentence. The trial court sentenced Jewell to a total of 13 years, as follows: Two years on count four, plus 54 months for the specification, to be served consecutively and prior to the sentence for the underlying offense. The trial court sentenced Jewell to two years on count seven, plus 54 months for the specification, to be served consecutively and prior to the sentence for the underlying offense. Counts four and seven and their specifications were to be served consecutively. Count 14, to which Jewell was sentenced to 36 months, was to be served concurrently.

## II.    Standard of Review

{¶7} We review this appeal for plain error. Plain error is an error that affects an appellant's substantial rights. Crim.R. 52(B).

{¶8} Jewell agreed to the 13-year sentence and failed to raise allied offenses to the trial court. Although jointly agreed-upon sentences are generally protected from appellate review, when a defendant asserts an allied offenses argument, "the question is not whether a particular sentence is justified, but whether the defendant may be sentenced upon all the offenses." *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27.

{¶9} The failure to raise the issue before the trial court waives all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. Therefore, a defendant who raises allied offenses for the first time on appeal carries the burden of showing "a reasonable probability that the convictions are for allied

offenses of similar import committed with the same conduct and without a separate animus." *Id.*

### III.   Law

{¶**10**} The "Double Jeopardy" clauses of the United States and Ohio Constitutions protect defendants against multiple punishments for the same offense. *State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 6. Therefore, a defendant may be convicted only once for allied offenses of similar import. *Id.* at ¶ 7.

{¶**11**} R.C. 2941.25 codifies the protections of the Double Jeopardy Clause. It states:

> (A)    Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> (B)    Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶**12**} Trial courts are prohibited from imposing separate sentences for counts that constitute allied offenses of similar import, regardless of whether the defendant pleaded guilty to multiple counts. *Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 5 N.E.3d 603, at ¶ 26.

{¶13} A transaction, for the purpose of analyzing whether conduct constitutes the same act, is "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." *State v. Wills*, 69 Ohio St.3d 690, 691, 635 N.E.2d 370 (1994), quoting *State v. Caldwell*, 9th Dist. Summit No. 14720, 1991 Ohio App. LEXIS 5879, *32 (Dec. 4, 1991).

{¶14} Ohio courts have found that "two offenses will be deemed to have occurred separately when the elements of one offense are completed before all the elements of the second offense are satisfied." *State v. Armstead-Williams*, 11th Dist. Portage No. 2016-P-0007, 2017-Ohio-5643.

{¶15} In a recent First District case, the defendant asserted that his charges should be merged because the crimes were committed in the same course of conduct. *State v. McRae*, 1st Dist. Hamilton No. C-180669, 2020-Ohio-773. When two officers responded to a domestic-violence call, the defendant, McRae, pulled out a gun and fired one shot, striking one officer. When he attempted to fire his gun again, it jammed—the other officer was unharmed. McRae was charged with and convicted of two counts of attempted murder. On appeal, McRae argued that his two attempted-murder convictions should be merged as allied offenses of similar import. This court rejected his argument, finding that "because McRae's conduct victimized both [officers], merger of the offenses would have been improper since the harm to each officer was separate and distinct." *Id.* at ¶ 22.

## IV.    Analysis

### A.  Underlying Offenses

{¶16}  Jewell argues that the trial court erred in imposing two sentences for the same transaction. He contends that the two robberies in two days were actually a single crime spree with the same animus.

{¶17}  Jewell committed his robberies at two different UDF stores, in two different neighborhoods, on two separate days, against two separate sets of victims. All of the elements of his first robbery were complete before he committed his second robbery. Therefore, the robberies were committed separately and with separate animus or motivation.

{¶18}  Moreover, like the defendant in *McRae*, Jewell's acts harmed multiple victims and the harm for each person was separate and distinct. Jewell brandished a gun at the clerk in one robbery and he physically accosted a victim during the other robbery. Since Jewell's conduct caused separate and distinct harm to different victims, the trial court properly did not merge the two robberies.

### B.  Specifications

{¶19}  Similarly, Jewell asserts that the trial court erred by sentencing Jewell on multiple firearm specifications. For the same reasons that Jewell's underlying offenses do not merge, his firearm specifications do not merge. Jewell committed two crimes on two days against two different sets of victims. The trial court committed no error, much less plain error.

## V.    Conclusion

{¶20}  The trial court did not err in sentencing Jewell to an aggregate sentence of 13 years. The protections of R.C. 2941.25 and the Double Jeopardy

Clause do not apply in this instance as the robberies did not arise from the same transaction or animus. Jewell's January 23, 2019 robbery was completed prior to his January 24, 2019 robbery. Moreover, there were multiple victims who suffered separate harm. Based on these facts, the trial court was correct in not merging the offenses or the firearm specifications. Jewell's first and second assignments of error are overruled and the trial court's judgment is affirmed.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion