[Cite as *State v. Galvin*, 2016-Ohio-5404.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103266

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM J. GALVIN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587373-A

**BEFORE:** E.T. Gallagher, J., Jones, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 18, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    Jeffrey Gamso
          Sarah E. Gatti
Assistant Public Defenders
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Eben McNair
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, William Galvin ("Galvin"), appeals from his convictions following a jury trial. He raises the following assignment of error for review:

> The trial court committed error when it precluded Galvin from arguing that [the victim]'s lying in the street at the time he was hit by Galvin's car was a relevant consideration for the jury and refused to instruct the jury that it was something it could consider.

{¶2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Factual and Procedural History

{¶3} In July 2014, Galvin was named in a four-count indictment charging him with two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a) and (A)(2)(a); and single counts of driving under the influence in violation of R.C. 4511.19(A)(1)(a); and failure to stop after an accident in violation of R.C. 4549.02(A). The failure to stop count included a furthermore clause that the violation resulted in the death of a person. All counts arose from an incident on July 4, 2014, when the victim, David Nageotte ("Nageotte"), was run over by a motor vehicle and killed.

{¶4} In April 2015, the matter proceeded to a jury trial where the following evidence was adduced.

{¶5} At approximately 3:45 a.m. on July 4, 2014, the Lakewood police responded to a report of an unresponsive male lying in the street on Cook Avenue in Lakewood,

Ohio. Nageotte was found deceased, lying in the middle of the street, face down, with severe head trauma.

{¶6} In the course of their investigation, the police discovered Galvin's vehicle parked at the end of a residential driveway on Cook Avenue. The vehicle appeared to have "fresh damage" to the front bumper and was missing a fog light that matched a car part discovered near Nageotte's body. Subsequently, the police discovered "blood and tissue matter" on the undercarriage of Galvin's vehicle. At that time, the police approached the residential home and knocked on the front door. Following a brief conversation with Galvin's father, the police learned that Galvin had driven the vehicle that evening. When the police notified Galvin that there had been an accident, he responded, "I thought I hit something." Galvin's "speech appeared to be slurred" and he had "a strong odor of an alcoholic beverage on his breath as he spoke." Galvin was taken into custody at that time.

{¶7} At trial, Galvin did not dispute the fact that his vehicle drove over Nageotte's body. Galvin argued, however, that Nageotte was struck and killed by another vehicle and was lying in the street at the time his vehicle ran over the already deceased body in the street.

{¶8} Deputy Medical Examiner Andrea McCollom ("McCollom") testified that Nageotte's injuries were altogether consistent with having been struck by a single vehicle while he was in the street. McCollom explained that Nageotte's injuries were caused by "one continuous event" involving "a crash injury that also included blunt impacts."

McCollom testified that Nageotte's cause of death was "[b]lunt impacts and crush injuries to head, trunk, and extremities with brain, skeletal, and viscera injuries."

{¶9} Consistent with McCollom's testimony, accident reconstructionist, Sergeant John Thorne ("Sergeant Thorne") of the State Highway Patrol, opined that Nageotte was "lying on the ground with his head west and his feet east" at the time he was struck by Galvin's vehicle. Further, Sergeant Thorne testified that there was no evidence to suggest Nageotte was struck by another vehicle while standing in the street before he was run over by Galvin's vehicle.

{¶10} David Lichoff ("Lichoff"), an accident reconstructionist, testified on behalf of the defense. Lichoff agreed with Sergeant Thorne's opinion that Nageotte was lying in the street at the time he was struck by Galvin's vehicle. However, Lichoff testified that "it is [his] professional opinion that David Nageotte was struck by another vehicle prior to being struck by [Galvin]." Lichoff explained that, "because [Galvin's vehilcle] ran over [Nageotte's] upper torso and head, it would have been impossible for [Galvin's vehicle] to have caused any fractures [or] injuries to [Nageotte's] pelvic region." Rather, Lichoff opined that the injuries to Nageotte's lower extremities were caused by a prior impact with another vehicle or a hard surface.

{¶11} Dr. Cynthia Beisser ("Dr. Beisser"), a forensic pathologist and deputy Lucas County Coroner, testified on behalf of the defense. Dr. Beisser opined that Nageotte was "upright" at the time he was first hit by a vehicle. Dr. Beisser testified that Nageotte's skull and brain injuries were caused by hitting the ground forcefully and were

not consistent with being run over "while he was on the ground." Dr. Beisser further stated that the injuries to Nageotte's lower body were consistent with an impact injury caused while Nageotte was standing.

{¶12} At the conclusion of trial, the jury found Galvin guilty of vehicular homicide, a lesser included offense of aggravated vehicular homicide as charged in Count 2. The jury further found Galvin guilty of failure to stop and its furthermore clause. Galvin was found not guilty of the remaining counts.

{¶13} At sentencing, the trial court imposed a 180-day prison term on the vehicular homicide conviction and a two-year prison term on the failure to stop conviction, to run concurrently to each other.

{¶14} Galvin now appeals from his convictions.

## II. Law and Analysis

{¶15} In his sole assignment of error, Galvin argues "the trial court committed error when it precluded [him] from arguing that [Nageotte]'s lying in the street at the time he was hit by [his] car was a relevant consideration for the jury and refused to instruct the jury that it was something it could consider."

{¶16} As stated, Galvin's primary defense at trial was that Nageotte was previously struck by an unidentified vehicle and was deceased at the time his vehicle ran over Nageotte's body. Alternatively, however, defense counsel attempted to raise a theory of contributory negligence at trial, which the court rejected. Galvin contends that "even if the state's theory of the case was correct," and Nageotte was indeed alive at the

time Galvin's vehicle drove over his body, there was some evidence upon which the jury could conclude that "Nageotte's own action in voluntarily lying down in the roadway was a sufficient cause of his death to relieve Galvin of criminal liability." Thus, Galvin argues the trial court abused its discretion in failing to give the requested jury instruction on contributory negligence.

**{¶17}** A trial court has the broad discretion to determine whether or not the evidence adduced at trial supports a requested jury instruction. *State v. Singleton*, 8th Dist. Cuyahoga No. 98301, 2013-Ohio-1440, ¶ 35. Such a decision will not be disturbed absent a finding that the trial court abused its discretion. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶18}** In this case, the state filed a pretrial motion in limine, requesting the trial court "to prohibit defense counsel from arguing to the jury that the contributory negligence of the victim is a defense for [Galvin's] conduct." In the motion, the state argued that "contributory negligence is not a defense to criminal conduct for the charge of aggravated vehicular homicide unless the contributory negligence is the sole cause of the victim's death."

**{¶19}** The issue was debated extensively at trial. However, the trial court ultimately declined to provide a contributory negligence jury instruction, stating, "you cannot say then that [Nageotte] just merely lying in the street is the sole proximate cause

of his death." The court explained that despite Nageotte's act of lying in the street, "but for the car running over him * * * he would not be dead."

{¶20} The trial court's judgment relied extensively on this court's decision in *State v. Flanek*, 8th Dist. Cuyahoga No. 63308, 1993 Ohio App. LEXIS 4282 (Sept. 2, 1993). In *Flanek*, this court held:

> A defendant cannot be relieved of criminal liability merely because factors other than his acts contributed to the death, provided such other factors are not the sole proximate cause of death. * * * Indeed, we have specifically stated that the alleged contributory negligence of a victim may not be used as a defense in a subsequent aggravated vehicular homicide prosecution unless it is the sole proximate cause of death.

*Id*. at ¶ 19. *See also State v. Langenkamp*, 137 Ohio App.3d 614, 620, 739 N.E.2d 404 (3d Dist.2000); *State v. Garland*, 116 Ohio App.3d 461, 468, 688 N.E.2d 557 (12th Dist.1996); *State v. Vansickle*, 5th Dist. Licking No. CA-3682, 1992 Ohio App. LEXIS 1311 (Mar. 11, 1992); *State v. McGraw,* 3d Dist. Shelby No. 17-88-2, 1989 Ohio App. LEXIS 4803 (Dec. 15, 1989); *State v. Royer*, 3d Dist. Logan No. 8-80-20, 1981 Ohio App. LEXIS 11055 (Nov. 19, 1981); *State v. Grant*, 11th Dist. Lake No. 92-L-037, 1993 Ohio App. LEXIS 3579 (July 21, 1993); *Cleveland v. Calhoun*, 8th Dist. Cuyahoga No. 59413, 1991 Ohio App. LEXIS 5466 (Nov. 14, 1991); *State v. Dailey*, 5th Dist. Morrow No. 2006-CA-0012, 2007-Ohio-2544; *State v. Dunham*, 5th Dist. Richland No. 13CA26, 2014-Ohio-1042.

{¶21} Applying the foregoing precedent to this case, we find the trial court did not abuse its discretion by failing to provide the jury with a contributory negligence instruction. As stated by the trial court, there was no evidence presented at trial to

suggest Nageotte's actions constituted "the sole proximate cause of his own death." Rather, the testimony presented at trial collectively established that Nageotte's cause of death was "[b]lunt impacts and crush injuries to head, trunk, and extremities with brain, skeletal, and viscera injuries," resulting from an "auto-pedestrian accident." Thus, the determination of the proximate cause of Nageotte's death could not be completed without consideration of Galvin's actions as the driver of the vehicle that undisputedly struck Nageotte's body, regardless of the circumstances that led to Nageotte's presence in the street. Under these circumstances, the alleged contributory negligence of Nageotte could not be used as a defense in Galvin's aggravated vehicular homicide prosecution. *Id.*

{¶22} Having found no basis to overturn our prior case law, we find the trial court did not err in declining to provide the requested contributory negligence jury instruction.

{¶23} Galvin's sole assignment of error is overruled.

{¶24} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR