[Cite as *State v. Smith*, 2017-Ohio-537.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104553

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEWAYNE SMITH

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-602362-A

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 16, 2017

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street
Suite 303
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Brett Hammond
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Dewayne Smith disagrees with his convictions upon two counts of aggravated vehicular assault and operating a vehicle while intoxicated. We affirm in part and reverse in part and remand for resentencing.

{¶2} In September 2014, Smith drove while under the influence of alcohol. Smith's blood alcohol level was almost three times the legal limit. Accident investigators determined that Smith drove his car through a four-way stop at 54 m.p.h. on a street with a posted speed limit of 25 m.p.h. Smith broadsided the victim's vehicle as she drove through the intersection. The impact was so violent it pushed the victim's car through the front yard of the adjacent, corner house. The victim spent a month in a coma in addition to other serious medical issues.

{¶3} The jury found Smith guilty of two counts of aggravated vehicular assault, for causing serious physical harm to the victim as a proximate result (1) of operating a vehicle while intoxicated in violation of R.C. 2903.08(A)(1)(a), and (2) of driving recklessly in violation of R.C. 2903.08(A)(2)(b); and guilty of one count of operating a vehicle while intoxicated under R.C. 4511.19. The sentences on the individual counts were imposed consecutively, culminating in a seven-year sentence after the trial court made the required findings — a five-year term on the third-degree felony violation of R.C. 2903.08(A)(1)(a), an 18-month term on the fourth-degree felony violation of R.C. 2903.08(A)(2)(b), and a six-month term on the misdemeanor violation of R.C. 4511.19(A)(1), which was not challenged in this timely appeal.

{¶4} At the onset, we decline to address Smith's claim of prosecutorial misconduct during the closing arguments. The prosecutor told the jury that "there were no experts who testified that gave different opinions than the experts who testified in this case. There were two experts. One for speed, one for blood alcohol level. You didn't hear any other opinions." The state also told the jury that everyone has a right to a jury trial, "no matter how overwhelming the evidence is." The entirety of Smith's legal analysis is that the first statement "improperly shifted the burden of proof away from the State by implying that Appellant was responsible for proving his innocence with competing expert testimony[,]" and the second statement "is highly improper because it implies that the Appellant was abusing the protections of the legal process, given that the state was of the opinion that the evidence in this case was overwhelming against Appellant." Such a summarily presented conclusion provides no analysis for us to consider or to which the state could respond. We have no independent obligation to research relevant case law to prove the unsupported assertions on behalf of the defendant. App.R. 16(A)(7).

{¶5} Smith contends that his convictions for aggravated vehicular assault are against the sufficiency or the manifest weight of the evidence because the victim may have rolled through the stop sign or may have had a trace amount of alcohol in her system. According to Smith, his conduct in (1) driving while impaired at nearly three times the state limit, (2) driving over twice the posted speed limit of 25 m.p.h. in a residential neighborhood, and (3) failing to stop, yield, or even recognize the four-way

stop-controlled intersection was insufficient to support the convictions. Neither contention has merit.

{¶6} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins*.

{¶7} Generally in Ohio, another's potential contribution to the death or injury of a victim is not a valid defense to criminal conduct unless that contribution was the sole proximate cause of injury or death. *State v. Galvin*, 8th Dist. Cuyahoga No. 103266, 2016-Ohio-5404, ¶ 20. If the defendant's criminal action contributes to, in other words, is the proximate cause of, the death or injury, another's conduct is irrelevant. *Id.* There is no contributory negligence analog in criminal law. This alone dooms Smith's argument.

**{¶8}** No witness testified that Smith stopped at the four-way intersection before proceeding into the intersection or that he drove anywhere near the posted speed limit. But for Smith's conduct, the violent collision would not have occurred or would not have been so severe. Smith cannot rely on the allegation that the victim's own conduct contributed to her injuries, to escape liability. Even if the victim contributed to the collision, her conduct was not the sole proximate cause. Smith's argument addressing the weight of the evidence demonstrating the victim's alleged contributions to causing the collision is entirely without merit. The evidence presented, even considering the credibility of the witnesses, demonstrated that Smith caused serious physical harm to another as a proximate result of driving while intoxicated and as a result of driving recklessly. R.C. 2903.08(A)(1)(a); R.C. 2903.08(A)(2)(b). The evidence presented at trial sufficed, and no manifest miscarriage of justice occurred.

**{¶9}** Regardless, even if relevant to Smith's conviction for causing serious physical harm to another as a proximate result of Smith's driving under the influence of alcohol or reckless driving, we note that the only evidence substantiating Smith's claim that the victim caused the accident by running the stop sign and by having a trace amount of alcohol detected upon being admitted to the hospital is merely based on conjecture.

**{¶10}** One witness, Smith's friend who was driving ahead of Smith and was approaching the victim as she drove toward the stop sign from the intersecting direction, claimed that the victim was driving at a reasonable speed as she arrived at the intersection, about 30 m.p.h. in the 25 m.p.h. posted zone, and it "looked like [the victim]

was about to run [the stop sign].   [Smith's friend] went through and when * * * [Smith's friend] went through, he watched [the victim] as she didn't stop at the stop sign."   At that time, Smith was a "maybe four or five houses" behind his friend.   The witness was not sure whether Smith ran the stop sign or how fast Smith was driving, a critical piece of information even if we assume it possible to accelerate to 54 m.p.h. after stopping at the intersection.   The allegation that the victim drove through the stop sign after Smith's friend cleared the intersection is thus irrelevant; both the friend and the victim arrived at the intersection at a point when Smith was still four or five houses away from the intersection, according to Smith's own version of the facts.   The incident would not have occurred, or the victim's injuries would not have been so severe, had Smith obeyed the traffic laws or had he been sober.

{¶11} Further, the only evidence of the victim's supposed intoxication came after all of her testimony had been completed.   Only then were the victim's personal and confidential hospital records entered into the public record — 1,200 pages in total, of which only one page was relevant to the defense's argument.   In those 1,200-some pages, it was noted that the victim's serum ethanol level was "notable."   The admission of the victim's hospital records in such a fashion was wholly improper.   The victim's personal and confidential medical records were introduced solely to impeach the victim after she testified to not having any alcohol before the collision, and the records indicated she had a trace amount detected.   Evid.R.  616(C) prohibits impeachment proved by extrinsic

evidence unless permitted by Evid.R. 608(A), 609, 613, 616(A)-(B), or 706. None seemed to apply in this case.[1]

{¶12} Finally, Smith asks us to review his sentences on the aggravated vehicular assault charges as being allied offenses of similar import under the analysis set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Smith claims that the two counts are of similar import because both were committed with the same conduct. It is true that the conclusion in the lead *Johnson* opinion was accepted as the black-letter law for a period of time. *State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 8 (noting the *Johnson* test, which applied R.C. 2941.25, was not the sole statutory codification regarding the multiplicity of sentencing in Ohio); *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 16 (the analysis in *Johnson* emphasized the conduct-based inquiry was incomplete because it only accounted for R.C. 2941.25(A) and not division (B)). Subsequently, however, it has been determined that the lead opinion in *Johnson* did not receive the majority support of the Ohio Supreme Court, and after several subsequent decisions eroding the impact of the

---

[1]Arguably Evid.R. 616(B), sensory or mental defect, would permit the defendant to introduce extrinsic evidence of a defect of capacity, ability, or opportunity to observe, remember, or relate. In light of the fact that no expert explained the notation in the victim's hospital record about the serum ethanol level, the records were not evidence of a sensory defect. We note that the victim's medical records indicated the level of ethanol in her sample was "6." The defendant's blood sample tested positive with 213 milligrams per deciliter of alcohol at the time he was admitted to the hospital, resulting in a blood alcohol concentration of .177 as explained by the state's expert. The trace amount of ethanol in the victim's system hardly demonstrates intoxication, as Smith argued, and cannot be considered as a form of permissible impeachment with extrinsic evidence when the defense's theory was not that the victim was incapable of accurately observing, remembering, or relating because of intoxication, but that she committed perjury.

lead analysis, *Johnson* has been rendered largely obsolete. *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 11. Under the latest interpretation of R.C. 2941.25, and contrary to Smith's contention, committing multiple offenses with the same conduct is not dispositive. *Ruff* at ¶ 21.

{¶13} Under R.C. 2941.25, courts must use a three-part inquiry to determine whether a defendant can be convicted of multiple offenses if those offenses arose from the same act or transaction:

> (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31. In addition, "a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.* at ¶ 26. R.C. 2941.25, however, is not the sole legislative consideration when framing the allied offense analysis. *Miranda*; *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149.

{¶14} Smith was convicted of two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) and (A)(2)(b). The two subdivisions, however, provide alternative means of committing the one offense — causing serious physical injury either (1) as a proximate result of operating a motor vehicle while impaired under R.C. 4511.19, or (2) while operating a motor vehicle recklessly. Although Smith has framed the debate in terms of outdated law, we find merit to the underlying basis of his

argument that focuses on the fact that the state charged Smith with the commission of a single offense but divorced the alternative methods of committing that offense into distinct crimes upon which the state sought and obtained separate punishments. The state contends that each method of committing aggravated vehicular assault is separately punishable under the *Ruff* analysis because each caused a separate, identifiable harm. Smith, however, committed only one offense of aggravated vehicular assault, and the analysis enunciated in *Ruff* interpreting R.C. 2941.25 is not applicable.

{¶15} All too often there is a knee-jerk reaction to resort to the pendulum of decisions construing R.C. 2941.25 from *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, to *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061; to *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. During that time, there has been one constant, dispositive analysis outside the framework of R.C. 2941.25 — the legislative intent behind the individual statutes defining criminal conduct. *State v. Anthony*, 2015-Ohio-2267, 37 N.E.3d 751, ¶ 72-73 (8th Dist.) (S. Gallagher, J., dissenting); *Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, 5 N.E.3d 603, ¶ 10 (reaffirming *Johnson*, but holding that R.C. 2941.25 is not "the sole legislative declaration on the multiplicity of indictments," and that courts must consider legislative intent behind the creation of individual criminal statutes); *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149. Allied offense analysis interpreting R.C. 2941.25, from *Rance* to *Ruff*, is only implicated where the conduct can be construed to constitute two or more allied offenses. R.C. 2941.25 ("where the same conduct by defendant can

be construed to constitute two or more allied *offenses* * * *." (Emphasis added.)); *Ruff* (under R.C. 2941.25, an offender committing multiple offenses may be subject to separate punishments).

**{¶16}** When an offender's conduct satisfies alternative means of committing a single offense, the offender can be convicted of only one offense. *State v. Brown*, 8th Dist. Cuyahoga No. 87651, 2006-Ohio-6267, ¶ 50-52. In *Brown*, the indictment contained two separate counts of aggravated assault: one charged appellant with knowingly causing serious physical harm, and the second charged appellant with knowingly causing or attempting to cause physical harm by means of a deadly weapon or ordnance. *Id.*, citing R.C. 2903.12(A)(1) and (2). The defendant stabbed the victim a single time in the stomach with a kitchen knife, causing both serious physical harm and physical harm by means of a deadly weapon. The panel concluded that there was one aggravated assault committed and, accordingly, the conviction on both counts of aggravated assault was improper and in violation of double jeopardy safeguards. *Id.*

**{¶17}** The Ohio Supreme Court affirmed. *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 44. Although the judicial interpretation of R.C. 2941.25 is helpful, when the legislative intent is unambiguously set forth in the statute criminalizing certain conduct, courts need not rely on any interpretation of R.C. 2941.25 and instead must look to the language of the statute criminalizing the conduct itself. *Id.* When statutory intent is unambiguous, courts must apply the law as written. *Id.* After reviewing R.C. 2903.12, it was held that the legislature demonstrated an intent for a

single punishment. *Id.* at ¶ 37. R.C. 2903.12(A)(1)-(2) unambiguously defines aggravated assault to include alternative methods of commission, either by causing serious physical harm or by causing physical harm with a deadly weapon. From that, it was determined that the legislature "manifested its intent to serve the same interest — preventing physical harm to persons." *Id.* In other words, the legislature did not intend separate punishments for each potential method of committing the single offense. *Id.* It must be remembered that different means of accomplishing a single crime do not create separate and distinct offenses. *State v. Rogers*, 8th Dist. Cuyahoga No. 91380, 2009-Ohio-2252, ¶ 43, citing *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995. If the state charges an offender who is found guilty of alternative methods of committing a single offense, the sentences must merge. *Ruff* at ¶ 24 ("[w]hen the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense."); *see generally Brown.*

{¶18} Under R.C. 2903.08(A)(1)-(2), as it was for the aggravated assault under 2903.12(A)(1) and (2) from *Brown,* the legislature provided alternative means of committing aggravated vehicular assault. The state may prove the defendant caused serious physical harm to another while operating a motor vehicle either as a proximate result of operating it while intoxicated or by driving it recklessly. Alternative means of committing one criminal offense demonstrates the legislative intent for a single punishment when it arises from a single occurrence and is committed against a single victim. *Brown* at ¶ 40. An offender, therefore, can be found guilty but sentenced for

only one violation of the aggravated vehicular assault statute even if the offender's conduct satisfied alternative methods of committing the offense. *See Ruff* at ¶ 24; *Brown*, 8th Dist. Cuyahoga No. 87651, 2006-Ohio-6267, at ¶ 50-52.

{¶19} We acknowledge that the aggravated vehicular assault statute punishes the offender for the harm caused to a victim as a proximate result of operating a vehicle while under the influence more severely than simply operating the vehicle recklessly, unlike situations involving the aggravated assault analog for which the commission of the alternative methods does not affect the severity of the punishment. *See* R.C. 2903.08(B)-(C), R.C. 2903.12(B). The former is a felony of the third degree while the latter is a fourth-degree felony. R.C. 2903.08(B)-(C). A difference in sentencing based on the commission of the alternative methods of committing a single offense does not alter the *Brown* analysis. If the facts demonstrate the commission of the offense occurred in such a manner as to warrant the greater punishment, the offender has still only committed a single offense. The more severe punishment is simply the potential sentence for the commission of that particular crime rather than the lesser penalty. If the legislature had contemplated holding an offender responsible for each alternative method of committing a single offense, the various methods could have been codified into distinct offenses in some fashion, such as separate statutory sections or potentially even separate divisions. We need not reach any conclusions on this issue because, as it stands, the reckless and the operating while intoxicated components of aggravated vehicular assault are presented as alternative methods of committing a single offense. "When the

defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense." *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 24.

{¶20} In response, the state presented the same argument rejected by the Ohio Supreme Court in *Brown*. The state claims that the elements of the alternative methods of committing an aggravated vehicular assault could be committed independently of each other because committing one would not necessarily result in the commission of the other. One could drive under the influence of alcohol without being reckless or vice versa. We agree, but as with aggravated vehicular assault, an offender could commit aggravated assault either by causing serious physical harm to another or by causing any physical harm by means of a deadly weapon. *Brown* at ¶ 34. The commission of one would not necessarily result in the commission of the other — serious physical harm could be caused without a deadly weapon. *Id.* We reject the state's argument that the commission of an alternative method of committing the offense can be punished separately if the alternative can independently occur. *Ruff* did not alter the holding from *Brown*.

{¶21} It should be noted our conclusion does not impact situations involving multiple offenses. "When the conduct supports more than one offense * * * a court must conduct the analysis of allied offenses of similar import to determine whether the offenses merge or whether the defendant may be convicted of separate offenses" under R.C. 2941.25. *Id.* In other words, if there are separate acts of aggravated vehicular assault,

such as two separate occurrences, or if there are separate victims, such as two or more victims in one occurrence, which are then considered multiple offenses, then courts must determine whether the multiple offenses are allied ones of similar import under R.C. 2941.25. *Ruff* at ¶ 24. In this situation, the legislative intent behind the alternative methods of committing a single offense no longer controls the outcome. There are multiple offenses to consider.

{¶22} In this case, there was only one victim. *See, e.g., State v. O'Neill*, 6th Dist. Wood No. WD-10-029, 2011-Ohio-5688, ¶ 35 (separate punishments were permissible for each victim); *State v. Watkins*, 1st Dist. Hamilton No. C-120567, 2013-Ohio-4222 (driving a vehicle into a single collision, which resulted in the death of one person and in serious physical harm to two others, is separately punishable because it involves separate victims). There also was only a single underlying incident: the collision Smith caused.

{¶23} The legislature unambiguously manifested its intent to punish Smith for one offense by providing alternative means of commission in the definition of the crime for which he was found guilty. Accordingly, the judicial interpretation of R.C. 2941.25 in *Ruff* is not applicable. We agree that the two sentences on the aggravated vehicular assault counts should have merged. His sentences for the aggravated vehicular assault in violation of R.C. 2903.08(A) are reversed, and this matter is remanded for resentencing. Smith's conviction for operating a vehicle while intoxicated under R.C. 4511.19 is affirmed, including the imposition of that sentence to be served consecutive to the remaining aggravated vehicular assault charge.

**{¶24}** Smith's convictions are affirmed in part and reversed in part and remanded to the lower court for further proceedings consistent with this opinion. It is ordered that appellant and appellee share costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR